Andrew and Ginger Schroeder v. MLS Custom Homes Inc
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-019-CV

     ANDREW SCHROEDER
     AND WIFE, GINGER SCHROEDER,
                                                                         Appellants
     v.

     MLS CUSTOM HOMES, INC.,
                                                                         Appellee
 

From the County Court at Law No. 3
Fort Bend County, Texas
Trial Court # 17,994
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This is an appeal from a summary judgment order entered in favor of the defendant in a
dispute over a contract concerning the construction of a residence in Rosenberg, Texas. 
Appellants Andrew Schroeder and Ginger Schroeder [“the Schroeders”] are husband and wife. 
MLS Custom Homes, Inc. [“MLS”] is a residential construction company. 
      In 1995, the Schroeders entered into a written construction contract with MLS to build their
residence. The contract required that the residence be built to certain written plans and
specifications. The Schroeders contended in their suit that the residence was not built to the
agreed upon plans and specifications, but was instead built by MLS to other specifications using
inferior quality materials and construction methods. The Schroeders sued for breach of contract
and fraud. In its answer, MLS entered a general denial and pleaded the additional “affirmative
defenses” of: (1) accord and satisfaction; (2) bad faith filing of breach of contract claim;


 (3)
election of remedies;


 (3) failure to mitigate damages; (4) ratification; and (5) modification of the
contract. MLS subsequently filed a summary judgment motion alleging these defenses, absent the
election of remedies defense, were proven as a matter of law. The trial court granted MLS
summary judgment in a general order. Finding material issues of fact exist regarding each of these
defenses, we will reverse and remand.
      MLS filed a “traditional” summary judgment motion, as opposed to a “no-evidence” motion. 
See Tex. R. Civ. P. 166a. The general rules for reviewing traditional summary judgment motions
are well-known. In a summary judgment case, the issue on appeal is whether the movant met his
summary judgment burden by establishing that no genuine issue of material fact exists and that the
movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and
all doubts about the existence of a genuine issue of material fact are resolved against the movant. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Friendswood Dev. Co. v.
McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996); Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).
      In deciding whether there is a material fact issue precluding summary judgment, all conflicts
in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. 
Rhone-Poulenc, 997 S.W.2d at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170,
173 (Tex. 1995). Evidence that favors the movant's position will not be considered unless it is
uncontroverted. Great Am., 391 S.W.2d at 47. In the instant case MLS has filed with us an
appellate brief containing a “statement of facts” written in “the light most favorable to MLS.” 
As noted above, this is incorrect. As an appellate court we are to construe the record in the light
most favorable to the Schroeders–the non-movants in the trial court.
      Summary judgment will be affirmed only if the record establishes that the movant has
conclusively proved all essential elements of the movant's cause of action or defense as a matter
of law. Clear Creek Basin, 589 S.W.2d at 678.
      MLS contends summary judgment was proper because it conclusively provided its enumerated
affirmative defenses. A defendant is entitled to summary judgment on an affirmative defense if
the defendant conclusively proves all the elements of the affirmative defense. KPMG Peat
Marwick, 988 S.W.2d at 748. To accomplish this, the defendant-movant must present summary
judgment evidence that establishes each element of the affirmative defense as a matter of law. 
Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
      We begin our analysis by noting that none of the affirmative defenses pleaded by MLS
specifically relate to the Schroeders’ claim of fraud. Instead, they relate to the Schroeders’ breach
of contract claim. Moreover, none of the affirmative defenses to the breach of contract claim are
established as a matter of law because material questions of fact remain with respect to each
defense. For example, MLS’s theory of “modification” and “ratification” is premised on evidence
that “the Schroeders requested the very changes from specifications they now allege are breaches
of the contract.” That evidence is directly contradicted by Andrew Schroeder in the affidavit he
provided in his response to the summary judgment motion:
I [Andrew Schroeder] have never knowingly or intentionally released MLS Custom
Homes, Inc. from my claims against it or ratified its breaches of our construction contract
and I never made any oral agreement to allow the defendant to deviate from the Plans and
Specifications. 

      Similarly, MLS’s defenses of accord and satisfaction and failure to mitigate damages are
premised on summary judgment evidence that “the complaints concerning deviation from the
specifications should have been “easily detected” by the Schroeders during construction of the
house and the subsequent one year warranty period.” This too was contradicted by Andrew
Schroeder in his affidavit:
During the actual construction of the house, my wife and I had marital problems and
I moved out of the residence where we lived. I was not present at the house throughout
all of the construction of the house by the Defendant. Because of an Injunction I was not
able to return to the house until approximately two (2) years later.
 
On or about October 16, 1997 my wife and I discovered that many of the
requirements if (sic: of) the Plans and Specifications had not been performed by the
Defendant. 
 
The Defendant breached the contract by substituting inferior material in place of the
material required by the Plans and Specifications and Features and Specifications. 
Despite using cheaper and inferior materials, Defendant, nevertheless, charged us the full
amount of the allowance earmarked for such materials. 
 
Following the construction of the house the Defendant stated that we owed him more
money and entered our home and stole our fireplace, valued at least $1,300 and has never
returned such. 

      John R. St. John, President of John R. St. John Construction, Inc., provided a sworn affidavit
that he had been provided a copy of the plans and specifications of the Schroeder’s home. After
comparing the completed home with the written specifications he determined a large number of
instances in which the construction was not in compliance with the specifications, which he
detailed in a written report. Suffice to say, there are a large number of controverted issues which
require a trier of fact to determine. MLS’s contention that the instant suit was brought in bad faith
as a breach of contract claim in order to avoid the statute of limitations applicable to a deceptive
trade practices claim is clearly not established as a matter of law because the suit and summary
judgment evidence tendered by the Schroeders set forth a prima facie case of breach of contract. 
Viewing the evidence in the light most favorable to the Schroeders, it is clear numerous material
questions of fact remain and that the case may not properly be disposed of by summary judgment. 
      Issue one is sustained. The summary judgment order is reversed and the case is remanded
to the trial court for proceedings consistent with this opinion.



                                                             DAVID L. RICHARDS
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Richards (Sitting by Assignment)
Reversed and remanded
Opinion delivered and filed December 31, 2002
Do not publish
[CV06]